IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ONORIODE KENNETH ADIGBOLO,<br><br>                Defendant. | Case No. 2:19CR00190 CW<br><br>PRELIMINARY ORDER OF FORFEITURE<br><br>Judge Clark Waddoupos |

IT IS HEREBY ORDERED that:

1. As a result of a plea of guilty to Conspiracy to Commit Money Laundering (Count 5 of the Superseding Indictment) for which the government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), the defendant Onoriode Kenneth Adigbolo, shall forfeit to the United States all property, real or personal, that is derived from, used, or intended to be used in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and (h), including but not limited to:

- Cashier's check in the amount of $10,028.82 voluntarily turned over to FBI by Nadine Lynch
- 2013 Lexus GS 350, VIN: JTHCE1BL9D5015924
- $32,739.00 in United States Currency
- Real Property located at 2216 Camden Creek Lane Houston TX 77077
- Forfeiture Money Judgment in the amount of $7,267,847.26, which is equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the scheme to defraud and not available for forfeiture as a result of

*(Anyanwu, et. al.)*

any act or omissions by me for one or more of the reasons listed in 21 U.S.C. § 853(p)

- Substitute property as allowed by 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), or 28 U.S.C. § 2461(c)

2. The Court has determined, based on the guilty plea to Conspiracy to Commit Money Laundering, that: the above-identified property is subject to forfeiture, the defendant had an interest in the property, and the government has established the requisite nexus between such property and such offense;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

3. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the above identified-property is hereby forfeited to the United States.

4. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

5. Upon entry of this Order the Attorney General or its designee is authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

6. The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of

his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

//

12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated this _____ day of May, 2022.

                                                BY THE COURT:


                                                _____
                                                CLARK WADDOUPS
                                                United States District Court Judge